NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO JAVIER LOPEZ BARRIOS,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No.   17-72606<br><br>Agency No. A205-054-230<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026[**]
Pasadena, California

Before:  OWENS, VANDYKE, and H.A. THOMAS, Circuit Judges.

Petitioner Francisco Javier Lopez Barrios ("Petitioner"), a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals' ("BIA") decision dismissing an appeal from a decision by an Immigration Judge ("IJ") denying Petitioner's claims for asylum, withholding of removal, and Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA adopts the IJ's decision and also contributes its own reasoning to the analysis, we review both decisions." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (citing *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005)). We review findings of fact for substantial evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the IJ's and BIA's factual findings are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted). We review questions of law de novo. *Id.*

1. Substantial evidence supports the agency's determination that Petitioner's asylum application is time barred. Petitioner argues that he established "changed circumstances" based on "increased crime in Mexico" and the "attempted kidnapping of [his] cousin." But the evidence that Petitioner provided showed that "corruption as well as generalized fear from the populous of drug cartels, criminal organizations, and gangs has been going on for a number of years in Mexico," including between 2011 (when Petitioner most recently arrived in the United States) and 2016 (when Petitioner applied for asylum). And the record does not compel the conclusion that the alleged attempted kidnapping of Petitioner's cousin establishes changed circumstances in Mexico. Petitioner provided no evidence that the

unidentified abductors would harm him in Mexico "because of" his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Finally, as the government argues, Petitioner failed to exhaust his argument before the agency that he established "extraordinary circumstances" based on the purportedly ineffective assistance of a former attorney. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust ...."); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (observing that the exhaustion requirement of 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule that is mandatorily enforced if a party properly raises it, and a noncitizen must put the BIA on notice of the challenge to exhaust a claim). We therefore may not consider it.

2.  Substantial evidence supports the agency's denial of withholding of removal. Petitioner failed to define a proposed particular social group ("PSG") at any point before the IJ or the BIA. Petitioner also failed to define a proposed PSG in his opening brief in our court. Thus, the record does not compel the conclusion that Petitioner satisfied his burden of demonstrating entitlement to withholding of removal. *See* 8 C.F.R. § 1208.16(b) ("The burden of proof is on the applicant for withholding of removal...."); *Matter of A-B-*, 27 I. & N. Dec. 316, 344 (A.G. 2018) ("[A]n applicant seeking asylum or withholding of removal based on membership

in a particular social group must clearly indicate, on the record and before the immigration judge, the exact delineation of any proposed particular social group.").

3. Substantial evidence supports the agency's denial of CAT relief. Petitioner argues that he established a likelihood of torture based on his fear of his father's enemies, drug cartels, and government corruption. But Petitioner's fear of his father's enemies rests on the speculative idea that they would recognize him after nearly thirty years and that they would inflict torturous harm on him, even though they left him unharmed for many years while he was still in Mexico. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (noting that "a speculative fear of torture is insufficient to satisfy the 'more likely than not' standard"). And Petitioner's general fears of drug cartels and government corruption do not suffice to prove eligibility for CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).[1]

**PETITION DENIED.**

---

[1] Petitioner's motion to remand, *see* Dkt. No. 22, is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1161–62 (9th Cir. 2019); *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192–93 (9th Cir. 2022) (en banc).

4